NOT DESIGNATED FOR PUBLICATION

No. 113,713

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIERRA MICHELE LONGSTAFF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JOHN L. WEINGART, judge. Opinion filed December 23, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*:  Tierra Michele Longstaff appeals the district court's order revoking her probation and requiring her to serve a 120-day "quick dip" sanction prior to having her probation reinstated. We granted Longstaff's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Finding no abuse of discretion, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In October 2013, Longstaff pled no contest to one count of forgery, a severity level 8 felony, and was sentenced to 18 months' probation with an underlying sentence of 8 months. In February 2014, and again on March 3, 2014, Longstaff violated the terms of

1

her probation. A probation violation hearing was held on March 6, 2014. At the hearing, Longstaff's probation was extended for 12 months and she was ordered to complete substance abuse treatment and treatment for psychiatric issues.

In February 2015, Longstaff again came before the district court for a probation violation hearing based on allegations of: failing to avoid persons or places of disreputable or harmful character, failing to report to her community corrections intensive supervision officer (ISO) as directed, failing to keep her ISO informed of her change in residence, possessing and using methamphetamine, and failing to complete drug treatment as ordered. At the hearing, Longstaff waived the presentation of evidence against her, stipulating to the probation violations. The State asked the court to impose Longstaff's underlying sentence of 8 months. Longstaff requested that the court impose "some sanction" and then return her to probation. The district court ordered Longstaff to serve a 120-day "quick dip" prison sentence followed by another 12-month extension of her probation. Longstaff timely appealed.

ANALYSIS

Kansas courts grant probation "'as a privilege and not as a matter of right.'" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). If probation is granted, "'the probationer is entitled to retain his or her liberty [only] as long as he or she abides by the conditions on which probation is granted.'" 282 Kan. at 237. Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

2

Longstaff does not contend that the revocation of her probation was an abuse of discretion. She would be hard pressed to make such an argument given the fact that she stipulated to the violations. Instead, she argues that the district court abused its discretion when it ordered her to serve a 120-day "quick dip" sentence before reinstating her probation for 12 months. Because a judge abuses his or her discretion when he or she commits an error of law, if the district judge was not statutorily allowed to impose a 120-day prison sanction prior to reinstating and extending her probation, Longstaff would be entitled to relief.

Longstaff cites K.S.A. 2014 Supp. 22-3716(c)(1)(E) and (c)(8), in support of her argument. K.S.A. 2014 Supp. 22-3716(c) requires courts to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison. Prior to imposing a 120-day sanction, the court is required to have imposed a shorter term of imprisonment for 2 or 3 days as a graduated sanction. K.S.A. 2014 Supp. 22-3716(c)(1)(C). Likewise, it is only after the 120-day sanction has been imposed, that a court is allowed to remand a probationer to serve the balance of his or her sentence in prison. K.S.A. 2014 Supp. 22-3716(c)(1)(E).

However, Longstaff also cites K.S.A. 2014 Supp. 22-3716(c)(8), which allows the district judge to wholly bypass the intermediate sanctions provisions of the statute if the defendant commits either a felony or misdemeanor while on probation or absconds. There is no dispute in this case that Longstaff did both. An affidavit of probation violation was filed just 4 months after Longstaff had her probation reinstated and extended the first time. At the time of filing, the affidavit indicated that she had failed to report and was an absconder. In addition, the affidavit alleged that she violated the law by admitting to the possession and ingestion of methamphetamine on two different occasions. A warrant was issued for her arrest. She was served with the warrant 7 months later. The warrant listed her violations to include failing to report and failing to notify her probation officer of a change of address as well as failing to obey the laws of the State of

3

Kansas. At her hearing, she admitted to the violations of her probation, in effect conceding that she had violated the laws of the State of Kansas and absconded. She does not dispute that finding on appeal. Accordingly, the district judge was entitled to bypass the statutory requirement for intermediate sanctions and by doing so he did not abuse his discretion. In fact the district court judge gave Longstaff a lesser sanction than he could have by simply requiring she serve 120 days and then being returned to probation—the same disposition she requested. See *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014) (litigant may not invite error and then complain of the error on appeal).

Affirmed.